IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| **RYAN MICHAEL YELINEK,** | * |
| Plaintiff, | * |
| v. | * |
| **GENERAL MOTORS LLC,** | * Civil Action No.: |
| Defendant. | * |
| <u>Please Serve:</u><br>Corporation Service Company<br>100 Shockoe Slip, FL 2<br>Richmond, VA 23219 | * |

## COMPLAINT

Now into Court, through undersigned counsel, comes the Plaintiff, Ryan Michael Yelinek and moves the Court for judgment against Defendant General Motors LLC on the basis of the following facts and law:

## JURISDICTION

1. This Honorable Court has Federal Question Jurisdiction of this civil action pursuant to 28 U.S. Code § 1331. The Plaintiff asserts a claim pursuant to the Magnuson-Moss Warranty Act, 15 U.S. Code §§ 2301-2312. The amount in controversy exceeds $50,000.00.

2. This Honorable Court has Diversity Jurisdiction of this civil action pursuant to 28 U.S. Code § 1332, Plaintiff is a citizen of Purcellville, Virginia, and Defendant General Motors, LLC is a corporation organized under the laws of Michigan with a principal place of business in Detroit, Michigan. The amount in controversy exceeds $75,000.00.

## **VENUE**

3. Venue in this Honorable Court is proper pursuant to 28 U.S. Code § 1391 as this Judicial District is where a substantial part of the events and/or omissions giving rise to the claim occurred. Venue in the Alexandria Division is proper pursuant to Local Civil Rule 3 because this is where a substantial part of the events and/or omissions giving rise to the claims occurred.

## **FACTS**

4. On October 19, 2024, Plaintiff purchased a 2024 GMC Sierra 1500 Denali Ultimate, VIN: 1GTUUHEL3RZ398319, for $89,333.47 from Lindsay Automotive Group in Alexandria, Virginia. Lindsay Automotive Group is an authorized dealer of Defendant General Motors, LLC for sales and warranty service repair. At the time of purchase, the Subject Vehicle had an odometer reading of 263.

5. The Subject Vehicle was manufactured and/or distributed by the Defendant General Motors, LLC.

6. The Subject Vehicle came with a 3-year/36,000-mile limited warranty and 6-year/60,000-mile powertrain warranty.

7. On June 11, 2025, Ryan Michael Yelinek brought the Subject Vehicle into Leesburg Buick GMC Hummer in Leesburg, Virginia for warranty service and repair stating there was a knocking noise while idling. The technician determined the vehicle needed a new engine. The Field Engineer was unable to come in person to inspect the vehicle, instead they remotely approved of the installation of a new engine. The vehicle remains at the repair shop waiting for the engine to

arrive. The vehicle has been out of service due to this defect for 35 days and continuing.

8. Despite multiple repair attempts spanning significant periods, the Plaintiff continues to experience unresolved warranty defects with the vehicle, resulting in a cumulative total of 35 days out of service. This prolonged period of non-conformance has caused significant inconvenience and has not been resolved satisfactorily under the warranty terms.

## COUNT ONE

## VIOLATION OF THE MOTOR VEHICLE WARRANTY ENFORCEMENT ACT
## VIRGINIA CODE § 59.1-207.11 ET SEQ. "*LEMON LAW*"

9. The facts alleged in Paragraphs 1-8 are re-pled and incorporated herein by reference.

10. Plaintiff is a consumer as defined by the Virginia Motor Vehicle Warranty Enforcement Act (hereafter referred to as the *"Virginia Lemon Law")* Virginia Code § 59.1- 207.11 et seq. Defendant General Motors, LLC is a manufacturer as defined by Virginia Code § 59.1-207.11 et seq and received due notice under the same statute.

11. In enacting the Virginia Lemon Law, the Virginia General Assembly recognized that "*a motor vehicle is a major consumer purchase, and there is no doubt that a defective motor vehicle creates a hardship for the consumer.*" Virginia Code § 59.1-207.10. As such, it was "*the intent of the General Assembly that a good faith motor vehicle warranty complaint by a consumer should be resolved by the manufacturer, or its agent, within a specified period of time*." Id. Plaintiff's defective motor vehicle

has, in fact, created a serious hardship for Plaintiff and Defendant has failed to resolve the warranty defects despite multiple good faith attempts by Plaintiff.

12. The Virginia Lemon Law requires a manufacturer to conform the motor vehicle to all applicable warranties that are provided to the consumer. See, Va. Code § 59.1-207.12. The Virginia Lemon Law further states that "*[i]f the manufacturer, its agents or authorized dealers do not conform the motor vehicle to any applicable warranty by repairing or correcting any defect or condition, including those that do not affect the drivability of the vehicle, which significantly impairs the use, market value, or safety of the motor vehicle to the consumer after a reasonable number of attempts during the Lemon Law rights period, the manufacturer shall: (1) replace the motor vehicle with a comparable motor vehicle acceptable to the consumer, or (2) accept return of the motor vehicle and refund to the consumer, lessor, and any lienholder as their interest may appear the full contract price, including all collateral charges, incidental damages, less a reasonable allowance for the consumer's use of the vehicle up to the date of the first notice of nonconformity that is given to the manufacturer, its agents or authorized dealer.*" See, Va. Code § 59.1-207.13(A).

13. Plaintiff's vehicle has been out of service due to repair for 35 days and continuing as of this filing and Defendant and its authorized agents have not cured or repaired the non-conformities. It is therefore presumed that a reasonable number of attempts have been undertaken to conform Plaintiff's vehicle and that Plaintiff's vehicle is significantly impaired. Virginia Lemon Law states, in relevant part, that "*[i]t shall be presumed that a reasonable number of attempts have been undertaken to confirm a motor vehicle to any warranty and that the motor vehicle*

*is significantly impaired if during the Lemon Law rights period … [t]he motor vehicle is out of service due to a repair for a cumulative total of 30 calendar days…"* See, Va. Code § 59.1-207.13(B).

14. Plaintiff seeks to recover as damages for the total delivered price of $89,333.47, all collateral charges, finance charges, incidental damages, monetary consequential damages, rescission of the contract, compensation in the amount of $20,000 for inconvenience and loss of use, reasonable attorney's fees at a rate of $750.00 per hour or one-third of whatever is recovered, whichever is greater, and all other relief law and equity may provide. See, Virginia Code § 59.1-207.14

## COUNT TWO

## MAGNUSON-MOSS WARRANTY ACT

15. The facts alleged in Paragraphs 1-8 are incorporated herein by reference.

16. Plaintiff is a consumer as defined in U.S. Code § 2301(3). Defendant is a supplier and warrantor as defined in 15 U.S. Code § 2301(1).

17. The Vehicle was manufactured after July 4, 1975, and an express Limited Warranty and an Implied Warranty of Merchantability were given to the Plaintiff as a part of the purchase as those warranties met the definition of written warranty and implied warranty as contained in 15 U.S. Code § 2301(6)-(7), respectively.

18. The Limited Warranty has failed its essential purpose, and the Defendant has violated the Act due to its inability to repair or replace the nonconformities within a reasonable time and has refused to provide the Plaintiff with a refund as required in 15 U.S. Code § 2304(a)(1) and (4).

19. Defendant has also breached its Implied Warranty of Merchantability since the vehicle, in view of the nonconformity that exists and the Defendant's inability to correct them, is not fit for its ordinary purpose for which the vehicle is being used. 28 U.S. Code § 2308, 2310(d).

WHEREFORE, Plaintiff Ryan Michael Yelinek moves the Court for judgment against Defendant General Motors, LLC in the amount of the purchase price of the Subject Vehicle $89,333.47, as well as all incidental costs, compensation in the amount of $20,000.00 for inconvenience and loss of use, interest payments, reasonable attorney fees in the amount of $750.00 per hour, or one-third of the amount recovered, whichever of the two is greater, expert witness fees, pre-judgment interest running from the date of the first repair attempt, post-judgment interest, court costs, and all other damages, equity and/or law may seem meet.

**TRIAL BY JURY IS DEMANDED.**

Respectfully Submitted,

**Ryan Michael Yelinek,**

By: /s/ James B. Feinman, Esq.
         Of Counsel

James B. Feinman, Esq., (VSB # 28125)
James B. Feinman & Associates
P.O. Box 697
Lynchburg, VA 24505
(434) 846-7603 - phone
(434) 846-0158 - fax
jb@jfeinman.com
*Counsel for Plaintiff*